PER CURIAM.
The appellant appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of all but one of the appellant’s claims.
In his motion, the appellant asserts that he was illegally sentenced to an upward departure sentence based on reasons which were found by the trial court, rather than the jury. In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the supreme court held that “other than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt.” In Blakely v. Washington, 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Supreme Court clarified that “the ‘statutory maximum’ for Appren-di purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.” (emphasis in original). Both Apprendi and Blakely had been decided at the time of the appellant’s sentencing and thus would apply to him because he was sentenced under the guidelines. Generally, when a defendant demonstrates an Apprendi/Blakely error, the court must conduct a harmless error analysis. Galindez v. State, 955 So.2d 517 (Fla.2007). The test is “whether the record demonstrates beyond a reasonable doubt that a rational jury would have found [the facts at issue].” Id. at 523. Here, the record on appeal is not sufficient to conduct a harmless error analysis. Accordingly, we reverse and remand for the trial court to either attach portions of the record conclusively showing the appellant is not entitled to relief, to conduct a harmless error analysis, or to resentence the appellant. Should the court find that any error is harmless, it shall attach record portions supporting its conclusion.
AFFIRMED in part, REVERSED and REMANDED in part with directions.
WOLF, THOMAS, and MARSTILLER, JJ., concur.